## STATE v. ELMER.

No. 2906.   Decided November 16, 1916 (161 Pac. 167).

CRIMINAL LAW—INSTRUCTIONS—ACCOMPLICE'S TESTIMONY.   An employee of defendant testified, in a prosecution for cattle theft, that when directed by defendant to get up three red cows, he drove three cows marked similarly to those claimed to have been stolen, to a point near defendant's place, and that when asked if everything was all right, defendant nodded in the affirmative.   There was no other evidence to connect defendant with the theft of the cattle, and there was evidence that the employee acted with guilty knowledge if he was not the sole thief.   *Held*, that defendant was entitled to a charge that if the employee was an accomplice, then defendant could not be convicted because there was no evidence, save that of the accomplice, to connect defendant with the crime, and a charge that, if the employee was an accomplice, his testimony required corroboration before a conviction could be had, was erroneous.

Appeal from District Court, Fourth District; *Hon A. B. Morgan*, Judge.

Clark Elmer was convicted of cattle theft, and he appeals.

REVERSED AND REMANDED.

*J. A. Wilson* and *John T. Pope* for appellant.

*A. R. Barnes, Atty. Gen.*, and *E. V. Higgins* and *G. A. Iverson, Asst. Attys. Gen.* for the State.

STRAUP, C. J.

The defendant was convicted of stealing three cows, and appeals.   Among other assignments, it is contended that the evidence is insufficient to connect him with the commission of the offense, and that the court erred in refusing to charge as requested by him.

The defendant lived at Randlett.   The owner testified that he had about 125 head of cattle ranging near the Wells, about fifteen or twenty miles from Randlett, marked with two waddles on the neck and a dewlap, some branded, "87W" and

some, diamond X dot; and that in February of 1915, he lost nine head from the range.

Another witness for the state, a Mr. Curtis, testified that in February of that year he, for a few days, was in the defendant's employ, hauling hay; that the defendant told him to go to the Wells and get three red cows, and that he, in obedience to the request, went to the Wells, and there, within a few miles, took from a herd of about twenty head of cattle three red cows, marked with two waddles and a dewlap. He did not testify as to the brands. He further testified that he drove the three cows to a bend in the Duchesne river several miles from the defendant's place, and there left them, and informed the defendant where they were. He testified that he was not certain that he had the right cows, but afterwards asked the defendant if "everything was all right," and that the defendant answered by nodding his head. What was done with or what became of the cows left by Curtis at the bend of the river was not shown. None of them were shown to have come into the defendant's possession, or that he had anything whatever to do with them. Except as testified to by Curtis, there was no evidence to connect the defendant with the commission of the offense. Some evidence was adduced to show that he sold the carcass of a cow in February to a nearby dealer in meats. But it was indisputably shown that that cow was rightfully purchased by him from an Indian, and was not the subject of the larceny. That was testified to by a government's Indian agent, with whose consent the cow was purchased by the defendant from the Indian, and was also indisputably shown by other testimony. Though Curtis, in the taking of the cows, should be regarded as having acted in good faith and without guilty knowledge, yet, even in that view, it is doubtful whether the evidence is sufficient to connect the defendant with the commission of the offense. There, however, is evidence to justify a finding that Curtis, in the taking, acted with guilty knowledge, and if he was not the sole thief, yet participated in the commission of the offense as an accomplice, and thus was himself subject to prosecution for its commission. That is evidenced from his knowledge that cattle were ranging at or near the Wells, his manner of taking, driving, and leav-

State v. Elmer, 49 Utah 6.

ing them, and his conduct when informed that he was accused of the theft, and that the officers were looking for him, the particulars of which need not here be related. In view of this the defendant proposed requests to charge that, if the jury found Curtis was an accomplice, then the defendant could not be convicted, for the reason that there was no evidence without the aid of the testimony of the accomplice to connect the defendant with the commission of the offense. The court refused that, and charged the jury that if they found Curtis was an accomplice, his testimony required corroboration before a verdict of guilty was justified. Thus the court left it to the jury to determine, in the event they found Curtis was an accomplice, whether there was corroborating evidence or circumstances, independently of the testimony of the accomplice, to connect the defendant with the commission of the offense. It is very clear there is no such evidence. The defendant, therefore, was entitled to the request, and the court erred in not giving it. In view of this it is unnecessary to express an opinion upon other questions presented. Let the judgment be reversed, and the case remanded for a new trial. Such is the order.

FRICK and McCARTY, JJ., concur.